DA 11-0235

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2011 MT 288N

PAMELA JO POLEJEWSKI,

      Plaintiff and Appellant,

  v.

MEGHAN LULF-SUTTON,

      Defendant and Appellee.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. ADV 09-794
Honorable David G. Rice, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Pamela Jo Polejewski (self-represented), Libby, Montana

      For Appellee:

          Bradley J. Luck, Isaac M. Kantor; Garlington, Lohn & Robinson,
Missoula, Montana

               Submitted on Briefs:  October 19, 2011

                      Decided:  November 15, 2011

Filed:

_____
                    Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    The Eighth Judicial District Court, Cascade County, granted summary judgment to Meghan Lulf-Sutton (Lulf-Sutton), concluding that Pamela Jo Polejewski's (Polejewski) legal malpractice claim against her was barred by Montana's three-year statute of limitations for such claims. Polejewski appeals from this order.

¶3    Lulf-Sutton represented Polejewski in a criminal matter filed in Cascade County Justice Court in late 2005. Following an animal cruelty investigation, Polejewski had been charged with 130 counts of failure to vaccinate, 138 counts of failure to tag, and six counts of animal cruelty. Over 200 animals ranging from horses to gerbils were seized. Lulf-Sutton moved to suppress much of this evidence, but her motion was denied by the court. In a parallel proceeding all parties filed a joint stipulation to provide for the welfare of the animals, but Polejewski failed to adhere to the agreement.

¶4    Polejewski claims that at some point during the course of representation Lulf-Sutton referred to the prior charges, telling her "I know we can win this case." However, Polejewski signed a plea agreement at Lulf-Sutton's advice on January 27, 2006. She pled guilty to nine charges of failure to vaccinate and failure to tag, and no contest to a

2

single charge of cruelty to animals. Lulf-Sutton moved to withdraw as counsel of record on February 6, 2006, stating that her client had been sentenced and the case was closed. Polejewski filed her notice of appeal on the same day, requesting that she drop her guilty plea to the animal cruelty charge on the basis that there was no evidence to support it. She also argued that Lulf-Sutton promised her that there would be a "follow up program in regard to the #140 dogs involved in my no kill refuge program." She also stated her belief that she should be allowed a "grace period" in which to consider her plea. On February 23, the justice court ordered that Polejewski had waived her right to appeal pursuant to the plea agreement.

¶5    Polejewski filed a legal malpractice complaint against Lulf-Sutton on July 27, 2009. Her complaint includes the following allegations of malpractice against Lulf-Sutton:

1. Failing to appeal the denial of the motion to suppress evidence;
2. Leading Polejewski to believe that the case would be taken to trial;
3. Taking a plea agreement despite telling Polejewski that she could win the case;
4. Leading Polejewski to believe she was also representing her in a civil suit;
5. Failing to change venue despite alleged prejudice against Polejewski;
6. Letting authorities enter Polejewski's property without challenge;
7. Not seeking a gag order despite numerous articles published in the local media regarding the matter;
8. Not seeking the return of small animals noted in the plea agreement.

¶6    We review a district court's summary judgment ruling de novo, applying the same M. R. Civ. P. 56 criteria used by the district court. *Watkins Trust v. Lacosta*, 2004 MT 144, ¶ 16, 321 Mont. 432, 92 P.3d 620. All reasonable inferences which may be drawn

3

from the offered proof must be drawn in favor of the party opposing summary judgment. *Watkins Trust*, ¶ 16.

¶7 A criminal defendant "must file a malpractice complaint within three years of discovering the act, error or omission," regardless of whether postconviction relief is sought or granted. *Ereth v. Cascade Co.*, 2003 MT 328, ¶ 26, 318 Mont. 355, 81 P.3d 463. Section 27-2-206, MCA, provides this time limit:

> An action against an attorney licensed to practice law in Montana or a paralegal assistant or a legal intern employed by an attorney based upon the person's alleged professional negligent act or for error or omission in the person's practice must be commenced within 3 years after the plaintiff discovers or through the use of reasonable diligence should have discovered the act, error, or omission, whichever occurs last, but in no case may the action be commenced after 10 years from the date of the act, error, or omission.

Section 27-2-206, MCA.

¶8 The District Court determined Polejewski was aware of the facts forming the basis of her malpractice claim by the time she entered her plea. The District Court looked to Polejewski's own words to establish this awareness: "Appellant/defendant wages multiple attempts to notify the courts she believes she has been misrepresented and lied to by her attorney and prosecuting attorneys at her Plea Agreement. First attempt was Notice of Appeal and Motion for Stay and Execution February 6, 2006."

¶9 The District Court also found that any damages Polejewski may have suffered occurred at the very latest when the justice court entered its sentencing order on January 29, 2006. The District Court also made note that several of Polejewski's alleged damages

occurred even before this date, and thus her malpractice claim was time barred by § 27-2-206, MCA.

¶10   We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. Clearly, there was sufficient evidence to support the District Court's findings of fact, and the legal issues are controlled by settled Montana law, which the District Court correctly interpreted.

¶11   Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS
/S/ PATRICIA COTTER
/S/ JIM RICE